PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/30/99
THOMAS K. KAHN
CLERK

No. 98-2257

_____

D. C. Docket No. 96-371-Civ-Orl-19

ROMANO SALVATORI,

Plaintiff-Appellee,

versus

WESTINGHOUSE ELECTRIC CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 30, 1999)**

Before TJOFLAT and BIRCH, Circuit Judges, and BRIGHT[*], Senior Circuit Judge.

PER CURIAM:

_____

[*]Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Romano Salvatori, a former employee of Westinghouse Electric Corporation ("Westinghouse"), filed this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621-634. Following a jury trial, the jury found that Westinghouse had discriminated against Salvatori based on his age, but that Salvatori was not entitled to the damages he sought. The district court entered judgment in favor of Salvatori and, as part of that judgment, allowed him to apply for attorney's fees. Westinghouse filed a motion to alter or amend the judgment. In that motion, Westinghouse asked the court to enter judgment in favor of Westinghouse, to allow Westinghouse to recover its costs, and to eliminate that portion of the judgment that allowed Salvatori to apply for costs. Salvatori subsequently moved for reasonable attorney's fees and costs. Westinghouse opposed the motion on the ground, inter alia, that Salvatori was not a "prevailing party" and, therefore, was not entitled to attorney's fees. See R15-138 at 3-5. The district court denied Westinghouse's motion to alter or amend the judgment, and concluded that Salvatori was entitled to attorney's fees and costs. The court noted that, although other analogous civil rights legislation required that a plaintiff "prevail" in a lawsuit to give rise to an entitlement to attorney's fees, the ADEA did not share identical fee-shifting language to that present in those statutes identified by Westinghouse. The court further found that the ADEA mandated an award of attorney's fees to a plaintiff who had been awarded "any

2

judgment," see R16-153 at 5, and that term encompassed a judgment based solely on the merits. Westinghouse appeals the district court's decision to deny its motion to alter or amend the judgment and, again, argues that Salvatori is not entitled to attorney's fees.

While this appeal was pending, we addressed and decided precisely the question at issue in this case – that is, whether a plaintiff who obtains a favorable jury verdict on the merits of an ADEA claim, but receives no damages, is entitled to attorney's fees. In Nance v. Maxwell Fed. Credit Union, ___ F.3d ___ , (11th Cir. 1999), we determined that a plaintiff who had succeeded on the merits of an ADEA claim nonetheless had failed to prove injury based on that discriminatory conduct. Based on this finding, we vacated the district court's award of back pay and front pay. See id. at *3. Furthermore, we reasoned that, because the plaintiff had not received an enforceable judgment and, as a result, had not "prevailed," as that term has been used in other civil rights contexts, she also was not entitled to attorney's fees. See id. at *4.

We conclude that our decision in Nance directly controls our disposition of the instant case. Like the plaintiff in Nance, Salvatori has achieved success on the merits of his claim but has not obtained a judgment, either in the form of damages or equitable relief, that the court may enforce against Westinghouse. Consistent with our decision in Nance, therefore, we determine that Salvatori is not entitled to attorney's

3

fees.  We therefore REVERSE the district court's order denying Westinghouse's motion to alter or amend the judgment, and REMAND this case for further proceedings in light of this opinion.

REVERSED AND REMANDED.

BIRCH, Circuit Judge, concurring:

I write separately to note that our decision to construe the ADEA as requiring what is tantamount to a "prevailing party" status for purposes of a litigant's entitlement to attorney's fees is not self-evident from the plain language of the statute. In fact, notwithstanding the frequent and consistent use of the term "prevailing party" by our court and other circuit courts to refer to a <u>successful</u> litigant within the context of the ADEA, the statute contains no such language. The ADEA, which incorporates selected provisions of the Fair Labor Standards Act ("FLSA"), including those pertaining to attorney's fees, <u>see</u> 29 U.S.C. § 626(b), mandates that "[t]he court in such [an] action [filed pursuant to this section] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Unlike the ADEA, however, both Title VII, 42 U.S.C. § 2000e-5k, and 42 U.S.C. § 1988(b), the primary vehicles for the majority of civil rights litigation, provide that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private

person.[1]" The Supreme Court has held explicitly that "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party'" under § 1988. Hewitt v. Helms, 482 U.S. 755, 763, 107 S.Ct. 2672, 2677, 96 L. Ed. 2d 654 (1987). Moreover, we have applied the Supreme Court's directive in Hewitt to cases brought under Title VII. In Walker v. Anderson Elec. Connectors, 944 F.2d 841 (11th Cir. 1991), for instance, we found that, although the plaintiff had won a favorable determination on the ultimate factual issue in the case -- that is, that she had been sexually harassed -- , the reasoning of Hewitt mandated that "such a finding, without more, will not ordain a litigant the prevailing party." 944 F.2d at 847. We further observed that "to be a prevailing party for purposes of [Title VII] requires the attainment of something more tangible than a jury finding of sexual harassment." Id.

Although it is critical to note that the procedural framework of Title VII and section 1988 is not identical to that set forth in the ADEA, it is reasonable to extrapolate salient aspects of the Supreme Court's discussion of what constitutes a "prevailing party" under Title VII and section 1988 for purposes of our analysis of

[1]Section 1988 does not duplicate Title VII's provision regarding either expert fees or the potential liability of the United States or the Commission as tantamount to that of private parties.

6

what constitutes "any judgment" under the ADEA. In <u>Hewitt</u>, again, the Court expressly observed that

> [t]he real value of the judicial pronouncement – what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion – is in the settling of some dispute <u>which affects the behavior of the defendant towards the plaintiff</u>.

<u>Hewitt</u>, 482 U.S. at 761, 96 S. Ct. at 2676. It is fair to say that the Court's reasoning in <u>Hewitt</u>, while not conclusively controlling or dispositive of an analogous ADEA case, necessarily informs our decision relative to the question of whether a litigant who has succeeded only on the merits of her claim – but has received no "judicial resolution," <u>id.</u>, is entitled to attorney's fees.

Thus, while I do not believe that we may, in essence, import the term "prevailing party" into the ADEA, I agree that, in light of the Supreme Court's directive in <u>Hewitt</u> as applied by our court in the context of both Title VII and section 1988, an ADEA plaintiff is only entitled to attorney's fees if, in addition to succeeding on the merits of any part of her claim, the judicial resolution of the action settles some dispute that affects the behavior of the defendant toward the plaintiff. Because no such judicial resolution transpired as a result of the jury verdict in this case, I agree that Salvatori is not entitled to attorney's fees.

BRIGHT, Circuit Judge, separately concurring:

I agree that this court's recently announced decision in Nance v. Maxwell Federal Credit Union (11th Cir. (Ala.)), controls the disposition of the case now before us. It is now the rule, at least in this circuit, that unless there is an "enforceable judgment" — irrespective of whether a defendant has been found liable for unlawful discrimination — attorney's fees are not available under the ADEA. I therefore concur in the result reached by our panel.

If I were to decide this issue on a clean slate, however, I would not so hold. Although the Supreme Court's opinion in Hewitt v. Helms, 482 U.S. 755 (1987), and its progeny generally limit the availability of attorney's fees under both Title VII and 42 U.S.C. § 1988(b), it is not at all clear to me that such limitations should be adopted wholesale in to the developing law of the ADEA. While it is true that the ADEA joins the aforementioned statutes under the nominal banner of federal civil rights legislation, the structure and relevant language of the ADEA are significantly different than those of the analogous sections of either Title VII or § 1988(b). The substitution of the phrase "any judgment" for "prevailing party" is an important modification, and I believe it warrants a different analysis.